Matter of Jacob V. (Daniel V.) (2022 NY Slip Op 03063)

Matter of Jacob V. (Daniel V.)

2022 NY Slip Op 03063

Decided on May 05, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 05, 2022

Before: Gische, J.P., Kern, Oing, González, Scarpulla, JJ. 

Docket No. NA-12530-31/19 Appeal No. 15880-15880A Case No. 2021-02164 

[*1]In the Matter of Jacob V. and Another, Dependent Children Under Eighteen Years of Age, etc., Daniel V., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.

Steven N. Feinman, White Plains, for appellant.
Georgia M. Pestana, Corporation Counsel, New York (Rebecca L. Visgaitis of counsel), for respondent.
Aleza Ross, Patchogue, attorney for the children.

Order of fact-finding, Family Court, Bronx County (Sarah P. Cooper, J.), entered on or about March 23, 2021, which, after a hearing, found that respondent father sexually abused the subject child, Jacob V., and derivatively abused the subject child, Jovanty V., unanimously affirmed, without costs. Appeal from order of disposition, same court and Judge, entered on or about December 17, 2020, unanimously dismissed, without costs, as abandoned.
The determination that respondent sexually abused Jacob is supported by a preponderance of the evidence (see Family Ct Act §§ 1012[f][i][B]; 1046[a][i]; [b][i]). The child's out-of-court statements in a videotaped interview and to an agency caseworker were corroborated by the testimony of respondent's adult daughter, who disclosed that she too was sexually abused by respondent several times over the course of two years when she was Jacob's age (see e.g. Matter of J.D. [S.A.-M.A.], 196 AD3d 423, 423 [1st Dept 2021]). The evidence also showed that respondent previously pleaded guilty to committing a sexual offense against another child (see id. at 424). Contrary to respondent's contention, there is no indication in the videotaped interview that the child had been coached.
The determination that respondent derivatively abused Jovanty is also supported by a preponderance of the evidence (see Family Ct Act § 1046[a][i]; Matter of Nyrie W. [Paul M.], 111 AD3d 402, 403 [1st Dept 2013]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 5, 2022